UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————————

No. 97-51032

———————————————————

TIMOTHY J. VOLK,

Plaintiff - Appellee,

v.

JOSE G. GONZALES, Warden; ET AL.,

Defendants,

G. MEGLARENO, Officers under their Individual
and Official capacity; DONALDA FISCHER,

Defendants - Appellants.

———————————————————

No. 98-50199

———————————————————

TIMOTHY J. VOLK,

Plaintiff - Appellant,

v.

JOSE G. GONZALES, Warden; ET AL,
.

Defendants,

JOSE G. GONZALES, Warden; ET AL.,

Defendants - Appellees.

———————————————————

No. 98-50386

———————————————————

TIMOTHY J. VOLK,

Plaintiff - Appellee - Cross - Appellant,

v.

JOSE G. GONZALEZ, Warden; ET AL.,

        Defendants,

G. MEGLARENO, Officers under their Individual
and Official Capacity; DONALDA FISCHER,

        Defendants - Appellants - Cross - Appellees.

---

Appeals from the United States District Court
for the Western District of Texas
(SA-95-CV-63)

---

January 4, 2000

Before JONES and DENNIS, Circuit Judges, and PRADO[*], District Judge.

PER CURIAM[*]

After careful consideration of this appeal in light of the briefs, oral arguments of counsel, and pertinent portions of the record, the court will affirm in part, vacate the award of injunctive and declaratory relief, and reverse and remand for calculation of attorney's fees in light of the Prison Litigation Reform Act of 1995.

We have determined that there was no abuse of discretion in either denying the Defendants' requested instruction on qualified immunity or in denying Volk's motion for a new trial on the issue of damages. Even without the proposed instruction on qualified immunity, the instructions provided proper guidance to the jury, and the verdict was not inconsistent.

Defendants Megliorino and Fischer argue that there was not sufficient evidence to support the verdict. Because they failed to move for a directed verdict, we are limited to examining whether there was any evidence to support the verdict or whether there was plain error that resulted in a "manifest miscarriage of justice." Coughlin v. Capitol Cement Co., 571 F.2d 290,

---

[*] District Judge of the Western District of Texas, sitting by designation.

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

297 (5th Cir. 1978). We conclude that there was evidence supporting the verdict and no plain error was committed.

On the other hand, we conclude that the district court's grant of declaratory and injunctive relief was not proper. Neither defendant in this action had the power to effect the court's directives to expunge disciplinary cases, restore custodial classification, and restore lost good-time credits, and the district court therefore lacked power to order such relief. As a result, we vacate the district court's grant of injunctive and declaratory relief with the understanding that the Texas Department of Criminal Justice – Institutional Division will recognize the implications of this court's judgment for Volk's custodial status.

Finally, we conclude that the trial court erred in not applying the provisions of the Prison Litigation Reform Act of 1995 ("PLRA") to the award of attorney's fees. This case was filed, and counsel was appointed, before the April 26, 1996 effective date of the PLRA. The amount of fees for work done by Volk's attorney before the effective date of the PLRA is not restricted by the PLRA. See Martin v. Hadix, 119 S.Ct. 1998 (1999). In Martin the Supreme Court determined that the PLRA applied to monitoring done after its effective date, but did not apply retroactively. Id. The fees for work done after its effective date, the Court held, must be examined in light of the PLRA. Id. Accordingly, we will send this case back for the magistrate judge to determine the award of attorney's fees for the work done after the PLRA's effective date in light of restrictions contained in the PLRA.

For these reasons, the judgment of the district court is affirmed, in part, regarding the jury instructions given, the sufficiency of the evidence supporting the verdict, and the denial of the motion for a new trial. The award of injunctive and declaratory relief is vacated, and the judgment is reversed and remanded in part for determination of the award of attorney's fees.